[Decided January 19, 1887.]

# D. M. OSBORNE & CO. v. H. H. VAN ATTEN.

SALE — ACCEPTANCE — WARRANTY. — An order in writing, duly delivered, and in the following terms: "Please order for me and ship to . . . . one . . . . twine-binder, . . . . which said machine I hereby agree to receive, pay freight and charges thereon, . . . . and purchase the same on your advertised terms of purchase, sale, and warranty, for the sum of," etc., with the warranty annexed, signed by the vendee and the vendor's agent, — is an agreement to purchase the machine, complying with the terms of the warranty; and such a machine becomes irrevocably the property of the intending purchaser when delivered to the common carrier at the point of shipment, and gives the purchaser no option of refusal, except on the sole ground of non-compliance with the warranty.

ERROR to the District Court holding terms at Walla Walla. First District.

The complaint alleged the purchase from plaintiff by defendant, at Portland, Oregon, about June 25, 1882, of a twine-binding harvester, for three hundred dollars, payable October 1, 1883; the machine to be shipped at Portland, Oregon, to defendant, at New York Bar, in Washington Territory. The complaint also alleged the delivery and shipment pursuant to the contract; the compliance with the contract by plaintiff; defendant's breach in refusing to comply with the contract. The answer denied the contract as alleged, and by way of an affirmative defense set forth that on the twenty-third day of June, A. D. 1882, plaintiff and defendant entered into an agreement for the purchase of the harvesting machine on the following conditions: that the same was to be shipped by plaintiff, at Portland, Oregon, on the 1st of July, 1882, to the defendant, at said New York Bar, where he agreed to receive it, pay the freight and charges thereon, and purchase on plaintiff's advertised terms of sale and warranty for three hundred dollars, and make payment by note on October 1, 1883, with legal interest; that plaintiff did not comply with the contract on its

part in not shipping on the day stated, and not shipping the machine complete; and that plaintiff exceeded the terms of the contract by including in the package with the machine certain twine not purchased by defendant, and thereby compelling defendant to take and pay freight on the twine in order to obtain the machine. The reply denied the allegations of the answer, and set forth the warranty contained in the contract of purchase, a compliance with its terms by plaintiff, and breaches by defendant. The cause went to trial to a jury; after evidence had been adduced by plaintiff and defendant, the court, refusing to give a number of instructions requested by plaintiff, directed the jury to return a verdict for defendant, for the reason that only an executory contract for a future sale had been proven, and not a sale authorizing a recovery for the purchase price. Judgment on the verdict, and case appealed by plaintiff. The contract in question appears in the opinion of the court.

*Mr. John B. Allen*, and *Mr. D. J. Crowley*, for Plaintiff in Error.

When in pursuance of the written contract of purchase the machine was delivered to the common carrier to be shipped to the purchaser, the sale became complete, and the title vested in the purchaser to whom it was consigned. (*Leonard* v. *Davis*, 1 Black, 476; Benjamin on Sales, 1st Am. ed., sec. 181; *Hall* v. *Richardson*, 77 Am. Dec. 303; *Rogers* v. *Phillips*, 40 N. Y. 519; *Orcutt* v. *Nelson*, 1 Gray, 536; *Stafford* v. *Walter*, 67 Ill. 83.) There having been some evidence tending to show an acceptance of the machine by the defendant, the court erred in directing a verdict for defendant. (Proffatt on Jury Trial, sec. 368; *Green* v. *R. R. Co.*, 38 Iowa, 100; *Pence* v. *Langdon*, 99 U. S. 578; *Hackman* v. *Jones*, 9 Wall. 197; *Drakely* v. *Gregg*, 8 Wall. 242.)

*Messrs. Anders, Brents, & Clarke,* for Defendant in Error.

The contract in question was simply an executory contract for a future sale, and according to its terms the title to the property did not pass until delivery by vendor according to the terms of the contract and acceptance by the vendee. (Benjamin on Sales, secs. 160, 352; *Kinnie* v. *Ford,* 52 Barb. 197; *Marsh* v. *Hyde,* 3 Gray, 333; *Knight* v. *Mann,* 118 Mass. 145.) Refusal of vendee to accept did not entitle vendor to recover purchase price, but would only entitle the latter to damages for refusal, being the difference between contract price and market value at the time of breach. (Benjamin on Sales, secs. 758, 765.) Delivery of property to a carrier designated by vendor, to be forwarded to the vendee, is not an acceptance by vendee of property so transported. (*Cross* v. *O'Donnell,* 44 N. Y. 661; *Messer* v. *Woodman,* 53 Am. Dec. 241, 247; 2 Sutherland on Damages, 353, 363; *Moody* v. *Brown,* 56 Am. Dec. 640; *Phelps* v. *Willard,* 16 Pick. 29; *McConihe* v. *New York & E. R. Co.,* 20 N. Y. 495.) In this case carrier was agent of vendor. (Benjamin on Sales, sec. 693; Wharton on Contracts, sec. 880.)

Mr. Justice TURNER delivered the opinion of the court.

This was an action to recover the contract price of a self-binding harvesting machine shipped by appellants from Portland, Oregon, to the appellee, at New York Bar, in Washington Territory. The important question in the cases arises on the construction of the agreement of sale, which is as follows:—

"June 23, 1882.

"MR. D. M. OSBORNE & CO.,

"Please order for me and ship July 1, 1882, marked 'H. H. Van Atten, at New York Bar,' one number nine (9) twine self-binding harvesting machine manufactured by D. M. Osborne & Co., of Auburn, New York, which said machine I hereby agree to receive, pay freight and

charges thereon from Portland, Oregon, and purchase the same on your advertised terms of purchase, sale, and warranty, for the sum of three hundred dollars, and pay therefor as follow: Note for three hundred ($300) dollars due October 1, 1883, with interest at ten per cent per annum from October 1, 1882, until paid.

### "WARRANTY.

"All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day. If, on starting a machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and to D. M. Osborne & Co., Portland, Oregon, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced, or the machine taken back, and the payment of money or notes returned. Keeping the machine during harvest, whether kept in use or not, without giving notice as above, shall be deemed conclusive evidence that the machine fills the warranty.

(Signed)          "H. H. VAN ATTEN,
                          "F. G. HANNA, Traveling Agent."

The appellee insists that the intention of the parties to the above agreement, as evinced by its terms, was that the vendor should deliver the machine at New York Bar, and that the vendee should then have the option of accepting or not, as he pleased, subject to an action for damages if he failed to accept without good cause. This we understand to be the position of counsel, but it must be confessed that the admission by counsel of the right of the vendor to sue for damages if the failure to accept be without justification, renders his contention somewhat obscure. If the sale be one on trial or approval, as it is technically called, failure to accept could in no event inflict legal damage or con-

fer a right of action.   If the agreement be to accept the
machine on condition that it be of the kind and quality
described, then on the delivery of the thing answering
the description the vendee cannot by an arbitrary re-
fusal to accept avoid his obligation to pay under the
contract.   The vendee is not clothed with an option to
drive one who has complied with all the conditions
precedent to entitle him to receive a fixed sum of
money to an action for unliquidated damages.   Is
the agreement, then, one for the sale of a harvesting
machine on trial or approval?   The particular clause
of the contract which counsel for appellee relies on to
sustain his contention is the following: "Which said
machine I hereby agree to receive, pay freight and
charges thereon from Portland, Oregon, and purchase
the same on your advertised terms of purchase," etc.
These words differ but little in meaning from the
meaning which is implied in the common and usual
order for merchandise dispatched by one merchant
to another at a distance.   The implied undertaking
of the vendee in such cases is always that he will pay
freight and charges, and that he will purchase the
goods ordered,—that is, the goods being of the kind
and quality ordered; that he will receive and accept
the same as a compliance with his order.   We do not
think that the word "purchase" was used in any other
sense in this agreement.   The insertion in the agree-
ment of the warranty negatives the idea of a sale on
approval, and indicates that the vendee intended to
rely on the contract of the vendor as a guaranty of the
kind and quality of the machine, rather than a trial
or inspection.   The agreement speaks of the appellee
as the purchaser of the machine, and speaks of the
agent who made the sale as "the agent of whom he
purchased it."   The kind and quality of the machine
is particularly described, and the amount to be paid,
together with the terms of payment specifically agreed

on, thus leaving nothing undetermined except the specific machine to be delivered. This particularly argues something more than a mere proposition for sale. Pointing in the same direction is the fact that the agreement was executed in duplicate, signed by the vendee and the agent of the vendor, a copy being kept by each. Another significant fact is the provision made for the payment of freight and charges one way. If this were intended as consideration for the privilege of inspecting or trying the machine, with liberty to purchase or not at pleasure, the agreement would have been to pay freight and charges both ways in case of failure to purchase. The agreement, we think, was an executory contract for the sale of a machine, subject to become a binding sale on the performance of the condition that a machine of like kind and quality to that ordered should be individualized and segregated from the mass of its fellows in the manner contemplated by the agreement, and that said machine be delivered to the vendee.

Mr. Benjamin, in his work on Sales, says, concerning the selection of the property to pass under such an agreement: "The rule on the subject of election is, that when, from the nature of an agreement, an election is to be made, the party who is by the agreement to do the first act, which from its nature cannot be done till the election is determined, has authority to make the choice, in order that he may be able to do that first act, and when once he has done that act, the election has been irrevocably determined, but till then he may change his mind." (Benjamin on Sales, 3d Am. ed., sec. 359.) The same author, continuing the subject in the succeeding section, says: "It follows from this, says Blackburn, J., that when from the terms of an executory agreement to sell unspecified goods, the vendor is to dispatch the goods, or to do anything to them that cannot be done till the goods are appropriated, he has the right to choose what the

goods shall be; *and the property is transferred the moment the dispatch or other act was commenced,* for then an appropriation is made finally and conclusively by the authority conferred in the agreement. (Id., sec. 360.) The learned author in the positions above quoted is well sustained by authority in this country and in England, and undoubtedly presents the law correctly. It follows that the title to the harvesting machine vested in the vendee when the machine was delivered to the common carrier at Portland to be transported to New York Bar, and that thereupon the right of the vendee to rely on the contract for the payment of the purchase price agreed on became fixed.

The various authorities cited by counsel for the appellee, to the effect that acceptance by a common carrier of goods shipped on order is not acceptance by the vendee, do not militate against the position here taken. The acceptance there referred to is an acceptance which will constitute a waiver by the vendee of the condition that the goods are of the kind and description ordered, or of his right to rescind the contract because the goods do not come up to the warranty, which is sometimes treated as a condition subsequent. But no defense is interposed in this case that there is a variance between the machine ordered and that sent, or that the machine in kind and quality does not come up to the warranty. So far as the proof discloses, the machine was the machine ordered, and fully up to the warranty in every respect. The sole question then is, whether, under the agreement, assuming the machine to be of the kind and quality in every respect of that ordered, the property therein vested in the vendee on shipment at Portland, Oregon, or on its receipt and express acceptance by the vendee at New York Bar.

The authorities cited by counsel for appellee, which hold that delivery to a common carrier is not acceptance by him, hold at the same time that such delivery is

delivery to him. Hence, if the thing delivered by the vendor to the common carrier was the thing ordered by the vendee, and of the quality warranted, every condition in the executory contract of sale was performed and executed, and at the moment of such delivery the title vested in the vendee irrevocably. The learned judge in the court below took the view of the agreement of sale maintained by the appellee, and assuming there had been no acceptance of the machine by the vendee, instructed the jury that the appellants could not recover the purchase price of the machine. As indicated above, we think this was error.

The judgment of the court below is reversed, and the cause remanded for a new trial.

GREENE, C. J., and HOYT, J., concurred.